Exhibit A

20111559

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BALDWIN MADER LAW GROUP<br>Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)<br>920 Manhattan Beach Blvd., No. 2<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310) 545-0620    FAX NO.: (310) 545-0624<br>ATTORNEY FOR *(Name):* Plaintiffs Ameneh Zeynalzadegan, et al. | **FILED**<br>**ALAMEDA COUNTY**<br>JUN 27 2017<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>B. OLIVER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

CASE NAME:
Ameneh Zeynalzadegan, et al. v. FitBit, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | HG 17865537 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[✓] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: June 26, 2017
Christopher Mader, Esq.
(TYPE OR PRINT NAME)                ▶                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

BY FAX

20111560

1 | PATRICK BALDWIN, ESQ. (SBN 93337)
2 | CHRISTOPHER MADER, ESQ. (SBN 199605)
   | BALDWIN MADER LAW GROUP
3 | 920 Manhattan Beach Boulevard, No. 2
   | Manhattan Beach, CA 90266
4 | Phone: (310) 545-0620
   | *Attorneys for Plaintiffs*



**FILED**
ALAMEDA COUNTY

JUN 27 2017

CLERK OF THE SUPERIOR COURT
By _____
D. OLIVER Deputy

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8 | **COUNTY OF ALAMEDA**

HG 17865537

| | |
|---|---|
| AMENEH ZEYNALZADEGAN, an individual; and, LAURA McHUGH, an individual, | ) CASE NO.:<br>)<br>) **COMPLAINT FOR DAMAGES**<br>) |
| Plaintiffs, | ) (1) Violation of California Corporations Code<br>) §25400 and §10(b)-5 of the Securities<br>) Exchange Act of 1934 |
| v. | ) (2) Violation of Section 11 of The Securities<br>) Act of 1933 |
| FITBIT, INC., a Delaware Corporation;<br>JAMES PARK, an individual; WILLIAM R.<br>ZERELLA, an individual; and, DOES 1<br>through 10, inclusive, | ) (3) Violation of Section 15 of The Securities<br>) Act of 1933<br>) (4) Control Person Liability – Section 20(a) of<br>) the Securities Exchange Act of 1934 |
| Defendants. | ) (5) Control Person Liability – California<br>) Corporations Code §25504<br>) (6) Unfair Business Practices – California<br>) Business and Professions Code §17200<br>) (7) Fraud<br>) (8) Intentional Misrepresentation<br>) (9) Negligent Misrepresentation<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

Plaintiffs AMENEH ZEYNALZADEGAN and LAURA McHUGH allege the following

against each of the Defendants.

///

COMPLAINT FOR DAMAGES
- 1 -

BY FAX

## INTRODUCTION

1.     Plaintiffs seek to recover damages caused by the Defendants' violations of California Corporations Code §25400 and §10(b)-5 of the Securities Exchange Act of 1934 (the "Exchange Act"), among other statutes.  Plaintiffs purchased FITBIT, INC. securities pursuant to FITBIT, INC.'s false and misleading Registration Statement and Prospectus issued in connection with its initial public offering on June 18, 2015, and pursuant to   teri lly f lse  nd  isle din  eriodic re orts  nd  ublic  ronounce ents issued by FITBIT, INC. Pl intiffs will rely,   on other thin s, u on the  resu  tion of reli nce est blished by the fr ud-on-the   rket doctrine.

## PARTIES

2.     At all relevant times, Plaintiff AMENEH ZEYNALZADEGAN ("ZEYNALZADEGAN") is and was an individual residing in Fremont, California.

3.     At all relevant times, Plaintiff LAURA McHUGH ("McHUGH") is and was an individual residing in Half Moon Bay, California.

4.     Plaintiffs ZEYNALZADEGAN and McHUGH are sometimes referred to herein collectively as "Plaintiffs."

5.     At all relevant times, Defendant FITBIT, INC. ("FITBIT") is and was a Delaware Corporation with a principal place of business in San Francisco, California, doing business in this judicial district and nationwide.

6.     At all relevant times, Defendant JAMES PARK ("PARK") is and was an individual and the Chief Executive Officer, Chairman, and President of Defendant FITBIT.

7.     At all relevant times, Defendant WILLIAM R. ZERELLA ("ZERELLA") is and was an individual and the Chief Financial Officer of Defendant FITBIT.

/ / /

/ / /

8.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named as Does 1 through 10, inclusive, are unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will amend this complaint to show these Defendants' true names and capacities when the same have been ascertained.

9.      Plaintiffs are informed and believe that the Defendants sued herein as Does 1 through 10 are in some manner responsible for the actions and damages, as alleged herein, and that at all relevant times, each Defendant was the agent of the others in connection with all activities referenced in this Complaint and each is responsible for the activities of the others.

10.     Defendants FITBIT, PARK, ZERELLA, and Defendant Does 1 through 10, inclusive are sometimes referred to herein collectively as "Defendants."

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over Defendants because they conduct business in the State of California.

12.     This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, §10 of the California Constitution and Code of Civil Procedure §§410.10 and 410.50, by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds Twenty-Five Thousand Dollars ($25,000.00) and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the Courts of the State of California.

13.     Venue is proper in this Court in accordance with Code of Civil Procedure §395(a) because the Defendants' conduct in Alameda County caused Plaintiffs' damages.

/ / /

/ / /

/ / /

**FACTS COMMON TO ALL CAUSES OF ACTION**

14.    FITBIT manufactures and markets wearable fitness-tracking devices worldwide. Among FITBIT's products are Fitbit Charge HR ("Charge HR"), a wireless heart rate and activity wristband, and Fitbit Surge ("Surge"), a fitness watch that consists of a GPS watch, heart rate tracker, activity tracker, and smartwatch.

15.    On May 7, 2015, FITBIT filed a Registration Statement on Form S-1 with the Securities and Exchange Commission (the "Commission") in connection with its initial public offering (the "IPO"). FITBIT subsequently amended the Registration Statement several times, and filed the final amended Registration Statement on Form S-1/A with the Commission on June 16, 2015 (the "Registration Statement").

16.    Defendants PARK and ZERELLA signed the Registration Statement.

17.    On June 17, 2015, the Commission declared the Registration Statement effective.

18.    The Registration Statement contained a preliminary prospectus. FITBIT filed the final prospectus (the "Prospectus"), which forms part of the Registration Statement, with the Commission on June 18, 2015. In the Prospectus, FITBIT represented:

**Our Competitive Strengths — What Sets Us Apart**

We believe the following strengths will allow us to maintain and extend our leadership position:

- ***Leading market position and global brand.*** Our singular focus on building a connected health and fitness platform, coupled with our leading market share, has led to our brand becoming synonymous with the connected health and fitness category. According to The NPD Group, we had the highest selling connected activity trackers in the United States in the first quarter of 2015, with an 85% share of the U.S. connected activity tracker market, by dollars, up from 70% for the year 2014 and 59% for the year 2013. In addition, according to The NPD Group, Fitbit Surge, which we began selling in December 2014, was the highest selling GPS fitness watch in the United States in the first quarter of 2015, with a 61% share of the U.S. GPS fitness watch market, by dollars, up from 3% in 2014.*

. . .

- *Advanced, purpose-built hardware and software technologies.* Our connected health and fitness devices leverage industry-standard technologies, such as Bluetooth low energy, as well as proprietary technologies, such as our PurePulse continuous heart rate tracking, and our algorithms that more accurately measure and analyze user health and fitness metrics. Our online and mobile apps provide in-depth analysis and guidance and our highly-scalable cloud infrastructure enables millions of users around the world to engage with our platform in realtime.

. . .

**Our Devices**

We believe everyone's approach to fitness is different, so we have created products with a wide variety of styles, sizes, features, and price points.

. . .

- *Fitbit Charge HR* is a wireless heart rate and activity wristband that has all the features available on the Fitbit Charge and also includes our proprietary PurePulse heart rate tracking technology. Fitbit Charge HR has a U.S. MSRP of $149.95.

- *Fitbit Surge* is our fitness "super watch" that combines popular features of a GPS watch, heart rate tracker, activity tracker, and smartwatch. Fitbit Surge has a U.S. MSRP of $249.95.

. . .

**Our Users**

*Active users* exercise regularly to reach their fitness goals through activities such as running, using cardio equipment, and playing sports recreationally. As a result, these users are often interested in monitoring exercise intensity through heart rate tracking in addition to activity tracking. We primarily market the Fitbit Charge HR to Active users.   *Performance users* train regularly to improve their performance and achieve their personal bests. These users participate in endurance sports and fitness activities with higher intensity and longer duration, such as interval or distance running and cycling, and thrive on personal improvement and competition. Accordingly, these users are interested in GPS tracking of speed, distance, and exercise routes, in addition to heart rate and daily activity tracking. We primarily market the Fitbit Surge to Performance users.

19.     On June 18, 2015, FITBIT completed its IPO, issuing 36,575,000 shares and raising net proceeds of approximately $732M.  FITBIT's stock trades on the NYSE under the ticker symbol "FIT."

/ / /

20.     On August 5, 2015, FITBIT issued a press release and filed a Form 8-K with the Commission announcing FITBIT's financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 8-K"). For the quarter, FITBIT reported net income of $17.68M.

21.     On August 7, 2015, FITBIT filed a quarterly report on Form 10-Q with the Commission reiterating the financial and operating results previously announced in the Q2 2015 8-K (the "Q2 2015 10-Q"). Defendants PARK and ZERELLA each signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") in connection with the Q2 2015 10-Q, representing that the financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to FITBIT's internal control over financial reporting.

22.     On November 2, 2015, FITBIT issued a press release and filed a Form 8-K with the Commission announcing FITBIT's financial and operating results for the quarter ended September 30, 2015 (the "Q3 2015 8-K"). For the quarter, FITBIT reported net income of $45.83M.

23.     In the Q3 2015 8-K, under the heading "Third Quarter 2015 Financial Highlights," FITBIT announced that "Charge, Charge HR and Surge comprised 79% of revenue."

24.     On November 2, 2015, FITBIT filed a quarterly report on Form 10-Q with the Commission reiterating the financial and operating results previously announced in the Q3 2015 8-K (the "Q3 2015 10-Q"). Defendants PARK and ZERELLA each signed certifications pursuant to SOX in connection with the Q3 2015 10-Q, representing that the financial information contained in the Q3 2015 10-Q was accurate and disclosed any material changes to FITBIT's internal control over financial reporting.

///

///

25.    On November 2, 2015, FITBIT filed a registration statement and prospectus on Form S-1 with the Commission in connection with a secondary offering of FITBIT's securities (the "Secondary Offering S-1"). In the Secondary Offering S-1, FITBIT represented:

**Our Competitive Strengths — What Sets Us Apart**

. . .

- *Advanced, purpose-built hardware and software technologies.*  Our connected health and fitness devices leverage industry-standard technologies, such as Bluetooth low energy, as well as proprietary technologies, such as our PurePulse continuous heart rate tracking, and our algorithms that more accurately measure and analyze user health and fitness metrics. Our online and mobile apps provide in-depth analysis and guidance and our highly-scalable cloud infrastructure enables millions of users around the world to engage with our platform in real-time.

. . .

**Our Devices**

We believe everyone's approach to fitness is different, so we have created products with a wide variety of syles, sizes, features, and price points.

. . .

- *Fitbit Charge HR* is a wireless heart rate and activity wristband that has all the features available on the Fitbit Charge and also includes our proprietary PurePulse heart rate tracking technology. Fitbit Charge HR has a U.S. MSRP of $149.95.

- *Fitbit Surge* is our fitness "super watch" that combines popular features of a GPS watch, heart rate tracker, activity tracker, and smartwatch. Fitbit Surge has a U.S. MSRP of $249.95.

. . .

**Our Users**

. . .

*Active users* exercise regularly to reach their fitness goals through activities such as running, using cardio equipment, and playing sports recreationally. As a result, these users are often interested in monitoring exercise intensity through heart rate tracking in addition to activity tracking. We primarily market the Fitbit Charge HR to Active users. *Performance users* train regularly to improve their performance and achieve their personal bests. These users participate in endurance sports and fitness activities with higher intensity and longer duration, such as interval or distance running and cycling, and thrive on personal improvement and competition. Accordingly, these users are interested in GPS tracking of speed, distance, and exercise routes, in addition to heart rate and daily activity tracking. We primarily market the Fitbit Surge to Performance users.

26.     On November 9, 2015, FITBIT filed an amended Registration Statement and prospectus on Form S-1/A with the Commission in connection with the secondary offering of FITBIT's securities (the "Secondary Offering S-1/A"), wherein FITBIT reiterated the statements contained in FITBIT's Secondary Offering S-1.

27.     On November 13, 2015, FITBIT filed a prospectus on Form 424B4 with the Commission in connection with the secondary offering of FITBIT's securities (the "Secondary Offering 424B4"). In the Secondary Offering 424B4, the Company reiterated the statements contained in the Company's Secondary Offering S-1.

28.     Bloomberg Radio interviewed Defendant PARK for a segment entitled "The Bloomberg Advantage" on November 3, 2015. On November 6, 2015, FITBIT filed with the Commission on Form FWP a transcript of the Bloomberg interview, according which Defendant PARK stated:

> "Sometimes we just have to wait for technology to really reach maturity, so for instance, our Pure Pulse optical heart rate technology, which is in our Charge HR and Surge devices took over three years to develop, and so, you know, that's resulted in two products which are incredible leaders in the categories. So Fitbit Charge HR is a number one wearable activity tracking device in the market today and Fitbit Surge is the number one GPS fitness watch, so I think that's a great example of how our technology development has resulted in really break-through products."

29.     The Defendants' statements described in ¶¶18, 20-28 were materially false and misleading. Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about FITBIT's business, operational and compliance policies. Among other things, Defendants made false and/or misleading statements and/or failed to disclose:

(i)     that FITBIT's heart rate monitoring technology was inaccurate and did not consistently deliver accurate heart rate readings during exercise;

(ii)    the inaccuracy of FITBIT's heart rate monitoring technology posed serious health risks to users of FITBIT's products; and,

(iii)   as a result of the foregoing, FITBIT's public statements were materially false and misleading at all relevant times.

30.     As a result of the Defendants' false and/or misleading statements, FITBIT securities traded at inflated prices.

31.     After disclosure of Defendants' false and/or misleading statements, FITBIT's stock suffered a precipitous decline in market value, causing significant losses and damages to the Plaintiffs.

32.     In particular, on January 6, 2016, a class action lawsuit was filed against FITBIT in the U.S. District Court for the Northern District of California, Case No. 3:16-cv-00036, styled *McLellan et al. v. Fitbit, Inc.* (the "Class Action Complaint"), alleging that the heart rate monitoring systems on FITBIT's Charge HR and Surge devices were dangerously inaccurate and posed serious health risks to users.  In particular, the Class Action Complaint alleged that by understating a user's heart rate, the inaccurate heart rate monitoring systems in FITBIT's Charge HR and Surge devices created a risk of life-threatening overexertion.

33.     Plaintiff ZEYNALZADEGAN purchased shares of FITBIT from June 22, 2015 through December 28, 2015, and has suffered realized losses in the amount of $980,819 in connection therewith.  Plaintiff McHUGH purchased shares of FITBIT in August 2015, and has suffered unrealized losses in the amount of approximately $344,700 in connection therewith.

34.     Plaintiffs will rely, among other things, upon the presumption of reliance established by the fraud-on-the market doctrine in that, among other things:

(i)     Defendants made public misrepresentations or failed to disclose material facts;

(ii)    The omissions and misrepresentations were material;

(iii)   FITBIT's stock traded in an efficient market;

(iv)    The misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of FITBIT's stock; and,

(v)     Plaintiffs purchased FITBIT common stock between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

35.     At all relevant times, the market for FITBIT's common stock was efficient for the following reasons, among others:

(i)      FITBIT regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the major news wire services and through other wide-ranging public disclosures, such as communications with the financial press and securities analysts; and,

(ii)     As a regulated issuer FITBIT filed periodic public reports with the Commission.

36.     As a result of the foregoing, the market for FITBIT's securities promptly digested current information regarding FITBIT from all publicly available sources and reflected such information in FITBIT's stock price.   All purchasers of FITBIT's securities, including the Plaintiffs, suffered similar injury through their purchases of FITBIT's securities at artificially inflated prices, and a presumption of reliance applies.

37.     FITBIT's verbal "Safe Harbor" warnings accompanying its oral forward-looking statements ("FLS") were ineffective to shield those statements from liability.   The Defendants are also liable for any false or misleading FLS pleaded because, at the time each FLS was made, the speaker knew the FLS was false or misleading and the FLS was authorized and/or approved by an executive officer of FITBIT who knew that the FLS was false.   None of the historic or present tense statements made by Defendants were assumptions underlying or relating to any plan, projection or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by Defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

///

///

1

**CAUSES OF ACTION**

2

**FIRST CAUSE OF ACTION**
**Violation of California Corporations Code §25400, *et seq.***
**and §10(b)-5 of the Securities Exchange Act of 1934**

3

4

38.     Plaintiffs incorporate herein by reference the allegations set forth herein in their

5

entirety.

6

7

39.     All material facts in connection with the offer or sale of investments or securities

8

must be disclosed pursuant to, among other statues and authority, California Corporations Code

9

§25400, *et seq.*; and, Section 10(b) of The Securities Exchange Act of 1934 Act and Rule 10b-5

10

promulgated thereunder, 15 U.S.C. §78j(b); 17 C.F.R. 240.10b-5.

11

40.     Here, Defendants carried out a plan, scheme and course of conduct which was

12

intended to and did: (i) deceive the investing public, including Plaintiffs, as alleged herein; and,

13

14

(ii) cause the investing public, including Plaintiffs, to purchase FITBIT securities at artificially

15

inflated prices.

16

41.     Defendants: (i) employed devices, schemes, and artifices to defraud; (ii) made

17

untrue statements of material fact and/or omitted to state material facts necessary to make the

18

statements not misleading; and (iii) engaged in acts, practices, and a course of business that

19

operated as a fraud and deceit upon the purchasers of FITBIT securities in an effort to maintain

20

artificially high market prices for FITBIT securities in violation of California Corporations Code

21

22

§25400, *et seq.*; and, Section 10(b) of The Securities Exchange Act of 1934 Act and Rule 10b-5

23

promulgated thereunder.  All Defendants are sued either as primary participants in the wrongful

24

and illegal conduct charged herein or as controlling persons as alleged below.

25

42.     Defendants, individually and in concert, directly and indirectly, by the use, means

26

or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

27

continuous course of conduct to conceal adverse material information about the business and

28

1   future prospects of FITBIT as specified herein.

2       43.    Defendants employed devices, schemes, and artifices to defraud while in
3   possession of material adverse non-public information, and engaged in acts, practices, and a
4   course of conduct as alleged herein in an effort to assure investors of FITBIT's value and
5   performance and continued substantial growth, which included the making of, or participation in
6   the making of, untrue statements of material facts and omitting to state material facts necessary
7   in order to make the statements made about FITBIT and its business operations and future
8   prospects in the light of the circumstances under which they were made, not misleading, as set
9   forth more particularly herein, and engaged in transactions, practices and a course of business
10  that operated as a fraud and deceit upon the purchasers of FITBIT securities.

11      44.    The primary liability of each of the individual Defendants, PARK and ZERELLA,
12  and controlling person liability, arises from the following facts: (1) PARK and ZERELLA were
13  high-level executives, directors, and/or agents at FITBIT at all relevant times and members of the
14  FITBIT's management team or had control thereof; (2) PARK and ZERELLA, by virtue of their
15  respective responsibilities and activities as senior officers and/or directors of FITBIT, were privy
16  to and participated in the creation, development and reporting of FITBIT's business prospects
17  and operations; (3) PARK and ZERELLA enjoyed significant personal contact and familiarity
18  were advised of and had access to other members of FITBIT's management team, internal
19  reports and other data and information about FITBIT's operations and business projects at all
20  relevant times; and (4) PARK and ZERELLA were aware of FITBIT's dissemination of
21  information to the investing public which they knew or recklessly disregarded was materially
22  false and misleading.

23  ///

24  ///

45.     Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing FITBIT's flawed manufacturing processes, thereby artificially inflating price of its securities. As demonstrated by Defendants' omissions and misstatements of FITBIT's business strategy, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

46.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of FITBIT securities was artificially inflated.  In ignorance of the fact that market prices of FITBIT's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants, Plaintiffs acquired FITBIT securities at artificially high prices and were or will be damaged thereby.

47.     At the time of said misrepresentations and omissions, Plaintiffs were ignorant of their falsity, and believed them to be true. Had Plaintiffs and the marketplace known the truth regarding FITBIT's flawed manufacturing processes, which was not disclosed by Defendants, Plaintiffs would not have purchased or otherwise acquired their FITBIT securities, or, if they had acquired such securities, they would not have done so at the artificially inflated prices that they paid.

48.   By virtue of the foregoing, Defendants have violated California Corporations Code §25400, *et seq.*; and, Section 10(b) of The Securities Exchange Act of 1934 Act and Rule 10b-5 promulgated thereunder.

49.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages in connection with their respective purchases and sales of FITBIT securities.

50.   This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CAUSE OF ACTION
### Violation of Section 11 of The Securities Act of 1933

51.   Plaintiffs incorporate herein by reference the allegations set forth herein in their entirety.

52.   The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein, as alleged herein.

53.   FITBIT is the registrant for the IPO.  As issuer of the shares, FITBIT is strictly liable to Plaintiffs for the misstatements and omissions.

54.   By reasons of the conduct herein alleged, the individual Defendants, PAR   nd ZERELLA violated, and/or controlled a person who violated Section 11 of the Securities Act of 1933, 15 U.S.C. §77k.

55.   The individual Defendants, PAR   nd ZERELLA were responsible for the contents and dissemination of the Registration Statement.  Neither of the individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were  true  and without omissions of any material facts and were not misleading.

56.     Plaintiffs acquired FITBIT securities pursuant and/or traceable to the Registration Statement for the IPO.   Plaintiffs have sustained damages.   The value of FITBIT securities declined substantially subsequent to and due to the individual Defendants' violations.

### THIRD CAUSE OF ACTION
### Violation of Section 15 of The Securities Act of 1933
(Against Defendants PAR    nd ZERELLA)

57.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

58.     The individual Defendants, PAR    nd ZERELLA, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of FITBIT within the meaning of Section 15 of the Securities Act of 1933. Defendants, PAR    nd ZERELLA had the power and influence and exercised the same to cause FITBIT to engage in the acts described herein.

59.     The individual Defendants, PAR    nd ZERELLA's positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiffs. By virtue of the conduct alleged herein, the individual Defendants, PAR    'nd ZERELLA are liable for the aforesaid wrongful conduct and are liable to Plaintiffs for damages suffered.

### FOURTH CAUSE OF ACTION
### Section 20(a) of the Securities Exchange Act of 1934
### Control Person Liability
(Against Defendants PAR    nd ZERELLA)

60.     Plaintiffs incorporate herein by reference the allegations set forth herein in their entirety.

61.     The individual Defendants, PAR    nd ZERELLA, acted as controlling persons of FITBIT within the meaning of Section 20(a) of the Exchange Act of 1934 as alleged herein.   By virtue of their high-level positions, agency, ownership and contractual rights, and participation in and/or awareness of FITBIT's operations and/or intimate knowledge of the false financial

statements filed by FITBIT with the Commission and disseminated to the investing public, the individual Defendants, PAR nd ZERELLA, had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of FITBIT, including the content and dissemination of the various statements that Plaintiffs contend are false and misleading.

62.     The individual Defendants, PAR nd ZERELLA, were provided with or had unlimited access to FITBIT's reports, press releases, public filings and other statements alleged by Plaintiffs to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. PAR nd ZERELLA had direct and supervisory involvement in the day-to-day operations of FITBIT and, therefore, are presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same.

63.     As set forth above, FITBIT and the individual Defendants, PAR nd ZERELLA each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

64.     By virtue of their positions as controlling persons, the individual Defendants, PAR nd ZERELLA are liable pursuant to Section 20(a) of the Exchange Act of 1934. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages in connection with their purchases of FITBIT securities.

65.     This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**
**California Corporations Code §25504**
<u>**Control Person Liability**</u>
(Against Defendants PAR    nd ZERELLA)

66.    Plaintiffs incorporate herein by reference the allegations set forth herein in their entirety.

67.    All of the acts and omissions stated herein were undertaken by the individual Defendants, PAR    nd ZERELLA, as control persons of FITBIT, as that term is used in California Corporations Code §25504.

68.    The individual Defendants, PAR    nd ZERELLA, are liable as control persons of FITBIT, pursuant to California Corporations Code §25504 among other statutes, for the acts and omissions of FITBIT, and consequent damage, as set forth herein.

**SIXTH CAUSE OF ACTION**
<u>**Violation of California Business and Professions Code §17200**</u>

69.    Plaintiffs incorporate by reference the foregoing allegations as though fully set forth herein.

70.    The Defendants' cts nd o issions described herein re in viol tion of C liforni Business nd Professions Code 17200, *et seq*., the Unfair Competition Law ("UCL"). The Defendants' conduct w s unl wful under the UCL bec use it viol ted C liforni Cor or tions Code 25400, *et seq*.,  on  others. Plaintiffs suffered d    es roxi  tely c used by the Defendants' cts nd o issions.

**SEVENTH CAUSE OF ACTION**
<u>**Fraud**</u>

71.    Plaintiffs incorporate herein by reference the allegations set forth herein in their entirety.

/ / /

/ / /

72.     Defendants intentionally or with reckless disregard for the truth, made material misrepresentations, omitted to state material facts necessary to make the statements they made not misleading, and suppressed material facts, of which Plaintiffs had actual knowledge, as alleged herein.   Defendants had actual knowledge their misrepresentations and omissions were untrue when made and intended that Plaintiffs rely on the misrepresentations and omissions, as alleged herein.  Plaintiffs reasonably relied on Defendants' misrepresentations and omissions, as alleged herein.

73.     Plaintiffs have been damaged as a direct and proximate result of Defendants' conduct as set forth herein.

### EIGHTH CAUSE OF ACTION
### Intentional Misrepresentation

74.     Plaintiffs incorporate herein by reference the allegations set forth herein in their entirety.

75.     Defendants made material misrepresentations to Plaintiffs, as alleged herein. Defendants made these representations knowing them to be false and further made these representations with the intent to deceive and defraud Plaintiffs and to induce them to act in reliance on these representations by purchasing FITBIT securities, or with the expectation that they would so act.  The representations made by Defendants were in fact false and/or misleading.

76.     Plaintiffs, at the time these representations were made by Defendants, were ignorant of the falsity of these representations and believed them to be true. In reliance on these representations, Plaintiffs were induced to, and did rely upon the representations of Defendants and purchased FITBIT securities as described herein. Plaintiffs' reliance on the representations of Defendants was justified.

/ / /

/ / /

77.   As a proximate result of the fraudulent conduct of Defendants, Plaintiffs have been injured and suffered monetary damages as a result of Defendant's wrongful conduct.  The aforementioned conduct of Defendants was an intentional misrepresentation, deceit and concealment of material facts known to Defendants, and was done with the intention on the part of Defendants to cause Plaintiffs to purchase FITBIT securities, and was despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

**NINTH CAUSE OF ACTION**
**Negligent Misrepresentation**

78.   Plaintiffs incorporate herein by reference the allegations set forth herein in their entirety.

79.   Defendants owed the Plaintiffs a duty to exercise reasonable care.  By virtue of the acts stated herein, Defendants breached their duty of reasonable care to the Plaintiffs and acted carelessly, negligently and /or recklessly so as to expose the Plaintiffs to an unreasonable risk of harm.  Defendants knew or in the exercise of reasonable care should have known their actions and omissions posed an unreasonable risk of harm of which the Plaintiffs were unaware.

80.   Defendants' failure to exercise reasonable care and breach of their duties owed to the Plaintiffs caused damage to the Plaintiffs, including severe emotional distress, as set forth below.  Had Defendants exercised reasonable care Plaintiffs would not have been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court award them the following relief, including, but not limited to:

1.   Compensatory damages in an amount to be proved at trial, but not less than $1,324,700;

2.   Consequential damages in an amount to proved at trial;

COMPLAINT FOR DAMAGES
- 19 -

3.    Rescission;

4.    Restitution;

5.    Punitive damages;

6.    Reasonable and necessary attorneys fees;

7.    Plaintiffs' costs of suit incurred herein;

8.    Pre-Judgment Interest; and,

9.    Such other and further relief as this Court deems just and proper under the circumstances.

Plaintiffs hereby demand a trial by jury.

Dated:  June 27, 2017                        BALDWIN MADER LAW GROUP

By: _____
    Patrick Baldwin, Esq.
    Christopher Mader, Esq.
    *Attorneys for Plaintiffs*

20111761

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

JUN 27 2017

CLERK OF THE SUPERIOR COURT
By _____ Deputy
R OLIVER Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMENEH ZEYNALZADEGAN, an individual; and, LAURA
McHUGH, an individual,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FITBIT, INC., a Delaware Corporation; JAMES PARK, an individual;
WILLIAM R. ZERELLA, an individual; and, DOES 1 - 10, inclusive

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hayward Hall of Justice<br><br>24405 Amador Street<br>Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG17865537** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Mader, 920 Manhattan Beach Blvd., No. 2, Manhattan Beach, CA 90266 (310) 545-0620

| | | | | |
|---|---|---|---|---|
| DATE: June 26, 2017 JUN 27 2017 Chad Finke<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)

        [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BALDWIN MADER LAW GROUP<br>Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)<br>920 Manhattan Beach Blvd., No. 2<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: 310 545 0620    FAX NO. *(Optional):* 310 545 0624<br>E-MAIL ADDRESS *(Optional):* cmader@baldwinlawgroup.com<br>ATTORNEY FOR *(Name):* Plaintiffs AMENEH ZEYNALZADEGAN, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: AMENEH ZEYNALZADEGAN, et al.

DEFENDANT/RESPONDENT: FITBIT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG17865587 |
|---|---|

TO *(insert name of party being served):* WILLIAM R. ZERELLA, an individual

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2017

Christopher Mader, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

BALDWIN MADER LAW GROUP
Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)
920 Manhattan Beach Blvd., No. 2
Manhattan Beach, CA 90266
    TELEPHONE NO.: 310 545 0620          FAX NO. *(Optional):* 310 545 0624
E-MAIL ADDRESS *(Optional):* cmader@baldwinlawgroup.com
ATTORNEY FOR *(Name):* Plaintiffs AMENEH ZEYNALZADEGAN, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
    STREET ADDRESS: 24405 Amador Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: Hayward, CA 94544
    BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: AMENEH ZEYNALZADEGAN, et al.

DEFENDANT/RESPONDENT: FITBIT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: RG17865587 |
|---|---|

TO *(insert name of party being served):* JAMES PARK, an individual

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2017

Christopher Mader, Esq.
_____
(TYPE OR PRINT NAME)

▶   _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [  ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶   _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BALDWIN MADER LAW GROUP<br>Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)<br>920 Manhattan Beach Blvd., No. 2<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: 310 545 0620   FAX NO. *(Optional)*: 310 545 0624<br>E-MAIL ADDRESS *(Optional)*: cmader@baldwinlawgroup.com<br>ATTORNEY FOR *(Name)*: Plaintiffs AMENEH ZEYNALZADEGAN, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: AMENEH ZEYNALZADEGAN, et al.

DEFENDANT/RESPONDENT: FITBIT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG17865587 |
|---|---|

TO *(insert name of party being served)*: FITBIT, INC., a Delaware Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2017

Christopher Mader, Esq.
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed:

_____                    ▶                    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| BALDWIN MADER LAW GROUP<br>Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)<br>920 Manhattan Beach Blvd., No. 2<br>Manhattan Beach, CA 90266<br>TELEPHONE NO. 310 545 0620   FAX NO. *(Optional)* 310 545 0624<br>E-MAIL ADDRESS *(Optional)*: cmader@baldwinlawgroup.com<br>ATTORNEY FOR *(Name)*: Plaintiffs AMENEH ZEYNALZADEGAN, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: AMENEH ZEYNALZADEGAN, et al.

DEFENDANT/RESPONDENT: FITBIT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG17865587 |
|---|---|

TO *(insert name of party being served)*: FITBIT, INC., a Delaware Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2017

Christopher Mader, Esq.
(TYPE OR PRINT NAME)                    ▶          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed: July 27, 2017

Ryan Krats on behalf of Fitbit, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          ▶          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| BALDWIN MADER LAW GROUP<br>Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)<br>920 Manhattan Beach Blvd., No. 2<br>Manhattan Beach, CA 90266<br>TELEPHONE NO. 310 545 0620    FAX NO. *(Optional)* 310 545 0624<br>E-MAIL ADDRESS *(Optional)* cmader@baldwinlawgroup.com<br>ATTORNEY FOR *(Name)* Plaintiffs AMENEH ZEYNALZADEGAN, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS 24405 Amador Street
MAILING ADDRESS
CITY AND ZIP CODE Hayward, CA 94544
BRANCH NAME Hayward Hall of Justice

PLAINTIFF/PETITIONER: AMENEH ZEYNALZADEGAN, et al.

DEFENDANT/RESPONDENT: FITBIT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG17865587 |
|---|---|

TO *(insert name of party being served)*: JAMES PARK, an individual

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2017

Christopher Mader, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: July 27, 2017

Ryan Keats on behalf of James Park
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BALDWIN MADER LAW GROUP<br>Patrick Baldwin (SBN 93337) / Christopher Mader (SBN 199605)<br>920 Manhattan Beach Blvd., No. 2<br>Manhattan Beach, CA 90266<br>TELEPHONE NO. 310 545 0620     FAX NO. *(Optional)* 310 545 0624<br>E-MAIL ADDRESS *(Optional):* cmader@baldwinlawgroup.com<br>ATTORNEY FOR *(Name):* Plaintiffs AMENEH ZEYNALZADEGAN, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
    STREET ADDRESS: 24405 Amador Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: Hayward, CA 94544
    BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: AMENEH ZEYNALZADEGAN, et al.

DEFENDANT/RESPONDENT: FITBIT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG17865587 |
|---|---|

TO *(insert name of party being served):* WILLIAM R. ZERELLA, an individual

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 7, 2017

Christopher Mader, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: July 27, 2017

Ryan Keats on behalf of William R. Zerella
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

```
┌ Baldwin Mader Law Group          ┐  ┌ Fitbit, Inc.                    ┐
  Attn: Mader Esq, Christopher
  920 Manhattan Beach Boulevard
  No. 2
└ Manhattan Beach, CA   90266____  ┘  └                                ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Zeynalzadegan<br><br>           Plaintiff/Petitioner(s)<br>      VS.<br><br>Fitbit, Inc.<br>       Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>HG17865537</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

      Complex Determination Hearing
      Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 09/12/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Case Management Conference:
DATE: 10/13/2017   TIME: 09:16 AM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  07/07/2017                    Chad Finke   Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/10/2017.

By _____

Deputy Clerk